IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CODY LEE-RYAN FULGHAM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-cv-775-RAH-JTA |
| | ) | |
| KAREN WILLIAMS, | ) | |
| *Warden*, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Cody Lee-Ryan Fulgham, an Alabama inmate proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2019 Houston County, Alabama convictions on ninety-two counts of possession of child pornography. (Doc. 1.) The Respondent filed an Answer which contends among other things that the petition is barred by the one-year statute of limitations set out in 28 U.S.C. § 2244(d). (*See* doc. 11.) After careful review, and for the reasons that follow, the petition is due to be denied and this action dismissed with prejudice as time-barred.[1]

**BACKGROUND**

Fulgham was indicted in the Circuit Court of Houston County, Alabama, on one hundred counts of possession of child pornography in violation of Alabama Code § 13A-12-192(b). After his first trial ended in a mistrial, two counts were dismissed and a jury at his second trial acquitted him of six counts and convicted him of the remaining ninety-two. (*Id*. at 2–3.) On November 22, 2019, the trial court

---

[1] Because the petition is untimely in its entirety, the Court does not reach the Respondent's alternative arguments.

sentenced Fulgham as a habitual felony offender to twelve years' imprisonment on each count, with two sentences running consecutively and the remainder concurrently, for a total term of twenty-four years. (*Id*. at 3.)

The Alabama Court of Criminal Appeals ("ACCA") affirmed Fulgham's convictions by unpublished memorandum. *Fulgham v. State*, 346 So. 3d 539 (Ala. Crim. App. 2020) (table). That court overruled Fulgham's application for rehearing, and the Alabama Supreme Court denied his petition for a writ of certiorari. (*Id*. at 10.) The ACCA issued its certificate of judgment on April 16, 2021. (*Id*.)

### State Postconviction Proceedings

On November 20, 2022, Fulgham filed a document in the trial court styled as a petition for a writ of habeas corpus, which challenged the legality of his sentences. (*Id*.) Following a hearing, the trial court—concluding that Fulgham's sentences had been illegally split—on September 28, 2023, vacated the original sentences and resentenced Fulgham to ten years' imprisonment on each count, split to serve two years followed by three years' probation, with twelve counts running consecutively for the same aggregate term of twenty-four years. (*Id*. at 10–11.)

Fulgham appealed. The ACCA determined that his filing was in substance a petition under Rule 32 of the Alabama Rules of Criminal Procedure and that the record did not establish that the trial court had acquired jurisdiction over it. (*Id*. at 11.) The ACCA remanded to the trial court for determination as to whether Fulgham had invoked its jurisdiction by paying the filing fee or by obtaining in forma pauperis status. On remand, the trial court found that Fulgham "never formally applied to proceed in forma pauperis with regard[] to his Rule 32 petition" and "did not pay the filing fee either." (*Id*. at 12.) On December 13, 2024, the ACCA dismissed the appeal as one taken from a void order and issued its certificate of judgment. (*Id*. at 11–12.)

2

On December 18, 2024, the trial court afforded Fulgham thirty days to pay the filing fee or to request and substantiate in forma pauperis status so that his Rule 32 petition could be considered. (*Id*. at 12.) Fulgham filed no response.

**The Federal Petition**

Fulgham filed the instant § 2254 petition on August 26, 2025—the date he attests that he delivered it to prison officials for mailing. (Doc. 1 at 15.) He raises four claims: (1) denial of access to the courts; (2) ineffective assistance of counsel; (3) that Alabama Code § 13A-12-190(16) is unconstitutional; and (4) judicial misconduct. (*Id*. at 5–11.)

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") contains the following time limitations for federal habeas petitions:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The petitioner bears the burden of demonstrating that his petition is timely or that the limitation period should be tolled. *See San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011).

Only § 2244(d)(1)(A) supplies the operative trigger date in this case. Fulgham identifies no state-created impediment that was removed within the year preceding his petition, *see* § 2244(d)(1)(B); no newly recognized, retroactively applicable constitutional right, *see* § 2244(d)(1)(C); and no factual predicate that could not have been discovered through the exercise of due diligence before his convictions became final, *see* § 2244(d)(1)(D). The factual and legal bases for each of his claims—the conduct of his trial, the performance of his counsel, the constitutionality of the statute of conviction, and the trial court's rulings—were known or reasonably knowable at the time of trial and sentencing in 2019.

Under § 2244(d)(1)(A), Fulgham's convictions became final "by the conclusion of direct review or the expiration of the time for seeking such review." *Id*. The ACCA issued its certificate of judgment on April 16, 2021, after the Alabama Supreme Court denied certiorari. Because Fulgham did not petition the United States Supreme Court for a writ of certiorari, his convictions became final ninety days later, when the time to seek such review expired. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); *Clay v. United States*, 537 U.S. 522, 527 (2003). That was July 15, 2022. Fulgham did not file his federal petition until August 26, 2025—more than three years after the limitation period had run. The petition is therefore untimely on its face.

AEDPA's limitation period runs from the finality of "the judgment pursuant to which [the petitioner is] being detained." *Burton v. Stewart*, 549 U.S. 147, 156 (2007). For that reason, when a state court enters a new judgment by resentencing a defendant, the limitation period ordinarily runs anew from the finality of that new judgment. *See Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1292–93 (11th Cir. 2007); *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1281 (11th Cir. 2014). The trial court's September 28, 2023, resentencing order does not assist Fulgham, however, because it was not a valid judgment. The ACCA held that the trial court never acquired jurisdiction over Fulgham's Rule 32 petition—because he neither paid the filing fee nor obtained in forma pauperis status—and it accordingly dismissed his appeal as one taken from a void order. Under Alabama law, a judgment entered without jurisdiction is void and a nullity, and will not support an appeal. *Ex parte Punturo*, 928 So. 2d 1030, 1034 (Ala. 2002). A void order cannot constitute the "judgment pursuant to which" Fulgham is detained,  and it therefore did not displace his 2019 convictions as the operative judgment or restart AEDPA's limitation period. *Burton*, 549 U.S. at 156.

## Statutory Tolling

Fulgham's state postconviction proceedings do not toll the limitation period for two independent reasons. First, his postconviction filing came too late to have any tolling effect. A state collateral application tolls AEDPA's limitation period only while it is pending. It cannot toll a period that has already expired, and a state petition filed after the federal limitation period has run does not revive or restart it. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001); *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000). Fulgham's limitation period expired on or about July 15, 2022, but he did not file his Rule 32 petition until November 20, 2022. By then, no time remained to be tolled.

5

Second, and independently, Fulgham's Rule 32 petition was not "properly filed" within the meaning of § 2244(d)(2). An application is "properly filed" only when its delivery and acceptance comply with the applicable rules governing filings, including any requirement to pay a filing fee or to obtain leave to proceed in forma pauperis. *Artuz v. Bennett*, 531 U.S. 4, 8–9 (2000); *Pace v. DiGuglielmo*, 544 U.S. 408, 413–14 (2005). The state courts determined that Fulgham neither paid the filing fee nor obtained in forma pauperis status, and the ACCA dismissed his appeal as one from a void order on that basis. A petition that fails to satisfy these threshold requirements is not "properly filed" and does not toll the limitation period. *See Clemons v. Comm'r, Ala. Dep't of Corr.*, 967 F.3d 1231, 1235 (11th Cir. 2020).

**The Access-to-Courts Allegations Do Not Supply a Later Trigger Date**

To the extent Fulgham contends that the circuit clerk's refusal to file his various pro se submissions amounted to a state-created impediment under § 2244(d)(1)(B), the contention fails. That provision supplies a later accrual date only where an unconstitutional or unlawful state action actually prevented the petitioner from filing. The record reflects that the clerk returned Fulgham's filings because he failed to list the applicable case numbers and failed to pay the filing fee or to seek in forma pauperis status—which are ordinary, lawful conditions on access to the state courts, not unconstitutional impediments. Moreover, nothing about the state-court filing requirements prevented Fulgham from timely filing a petition in this Court. Section 2244(d)(1)(B) therefore does not apply.

**Equitable Tolling**

AEDPA's limitation period is subject to equitable tolling, but only where the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*, 544 U.S. at 418). Equitable tolling is an extraordinary remedy limited to rare and exceptional

6

circumstances, and the petitioner bears the burden of establishing both elements. *San Martin*, 633 F.3d at 1267–68.

As his explanation for the delay, Fulgham states that he has attempted to file postconviction petitions "since the very month [he] was convicted[,]" that his delay is "partially due to ineffective assistance of counsel[,]" that he is "a 'layman' . . . unschooled in law," and that he was unaware that 28 U.S.C. § 2254 existed until an inmate law clerk told him about it on the day he filed. (Doc. 1 at 13.) These assertions establish neither diligence nor an extraordinary circumstance.

First, they do not establish diligence. Fulgham waited roughly a year and a half after his convictions became final before filing any postconviction challenge, even though the sentencing theory he pressed was apparent from the moment of sentencing. When the trial court offered him thirty days to cure the filing-fee defect that had rendered his Rule 32 petition jurisdictionally void, he did not respond. And after the ACCA dismissed his postconviction appeal in December 2024, he waited an additional eight months before seeking relief in this Court. This record does not reflect the reasonable diligence that equitable tolling requires.

Second, Fulgham failed to identify an extraordinary circumstance. His invocation of ineffective assistance is wholly conclusory, and "[m]ere conclusory allegations are insufficient to raise the issue of equitable tolling." *San Martin*, 633 F.3d at 1268. His pro se status and asserted unfamiliarity with the law likewise do not warrant tolling as it is settled in this Circuit that a prisoner's lack of legal training, ignorance of the limitation period, and unfamiliarity with available remedies are not extraordinary circumstances excusing an untimely filing. *See Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005); *Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013); *see also Johnson v. United States*, 544 U.S. 295, 311 (2005) ("[W]e have never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness . . . .").

7

**Actual Innocence**

A credible showing of actual innocence may serve as a gateway through which a petitioner may pass when the impediment to consideration of his claims is AEDPA's statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). That gateway is narrow. A petitioner must support his allegations of constitutional error "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial[,]" and must show that, in light of that new evidence, "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324, 329 (1995); *see McQuiggin*, 569 U.S. at 401.

Although Fulgham invokes his "actual innocence" and an "affirmative defense," he offers only legal arguments. He presents no new, reliable evidence of the sort *Schlup* demands. Legal challenges to a conviction—however framed—do not satisfy the gateway's evidentiary standard. *See Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1011 (11th Cir. 2012). Fulgham has not made the demanding showing required to excuse his untimely petition on actual-innocence grounds.

**CERTIFICATE OF APPEALABILITY**

A state prisoner must obtain a certificate of appealability before appealing the denial of habeas relief. 28 U.S.C. § 2253(c)(1)(A). Where, as here, a petition is rejected on procedural grounds, a certificate should issue only if the petitioner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see* 28 U.S.C. § 2253(c)(2). Because reasonable jurists could not debate that Fulgham's petition is untimely, no certificate of appealability will issue.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** as follows:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2254 (doc. 1) is **DENIED** as barred by the one-year statute of limitations set out in 28 U.S.C. § 2244(d);

2. This action is **DISMISSED** with prejudice; and,

3. No certificate of appealability **SHALL** issue.

**DONE** on this the 20th day of July 2026.

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE